IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA McGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 4796 |
| | ) | |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court are the parties' cross Motions for Summary Judgment. For the following reasons, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted. The decision of the Commissioner is affirmed.

## I. BACKGROUND

### A. Facts

On February 25, 2005, Plaintiff Brenda McGuire ("McGuire") arrived at the Loretto Hospital emergency room in Chicago, Illinois. McGuire suffered from hypertension, headache, dizziness, and blurred vision. Doctors at Loretto performed a CT scan of McGuire's head, which revealed a focal hemorrhage likely related to hypertension. McGuire was transferred to the Advocate Illinois Masonic Medical Center in Chicago, Illinois, where she was hospitalized and treated with various medications for ten days. Two days after her discharge from Illinois Masonic, McGuire visited the Loyola University Medical Center emergency room in Maywood,

1

Illinois with complaints of headache, blurred vision, and bilateral leg pain. Loyola physicians diagnosed McGuire with hypertension, bilateral deep venous thrombosis[1], and a history of intercranial hemorrhage. A medication drip successfully lowered McGuire's blood pressure to a safe level, and McGuire was discharged with additional medication and instructions to follow up at a Coumadin[2] clinic, and with her outpatient physician. McGuire went back to the Loyola Medical Center in August of 2005, where physicians performed another CT scan of her head. The CT scan revealed that her intercranial hemorrhage had healed.

## B. Procedural History

On March 31, 2005, McGuire applied for Supplemental Security Income. On April 11, 2005 she applied for Disability Insurance Benefits. McGuire claimed disability stemming from hypertension and thrombosis. The Social Security Administration initially denied her applications, and later denied them again upon reconsideration. McGuire then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held the hearing on November 30, 2006, in Oak Brook, Illinois. McGuire testified and was represented by an attorney at the hearing.

The ALJ issued a written decision on January 24, 2007, in which he determined that McGuire was not disabled under the terms of the Social Security Act because she could perform sedentary work such as her past position as a receptionist. The Appeals Council denied review of

---

[1] Deep venous thrombosis is a blood clot in the deep vein system of the leg. This condition is potentially life threatening, but can be controlled with medication. http://www.medicinenet.com/deep_vein_thrombosis/article.htm.

[2] Coumadin is an anticoagulant (blood thinner). It is used to prevent heart attacks, strokes, and blood clots in veins and arteries. http://www.drugs.com/coumadin.html.

the ALJ's decision on July 6, 2007, making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 416.1481.

McGuire then timely filed the instant Complaint in the Northern District of Illinois seeking judicial review of the Commissioner's decision. The parties have filed cross Motions for Summary Judgment. These Motions are fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

To make a successful claim for disability benefits under the Social Security Act ("SSA"), an individual must demonstrate that he or she is unable "'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less that 12 months.'" Windus v. Barnhart, 345 F. Supp. 2d 928, 930 (E.D. Wis. 2004) (quoting 42 U.S.C. § 423(d)(1)(A)). Social Security regulations prescribe a five-step test to determine whether an individual is disabled:

> The following steps are addressed in order. (1) Is the claimant presently unemployed? (2) Is the claimant's impairment 'severe?' (3) Does the impairment meet or exceed one of the list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step, or on steps (3) and (5) to a finding that the claimant is disabled. A negative answer, at any point other than step (3), stops inquiry and leads to a determination that the claimant is not disabled.

Taylor v. Schweiker, 739 F.2d 1240, 1241 n.1 (7th Cir. 1984); see also Windus, 345 F. Supp. 2d at 930; 20 C.F.R. § 416.920(a)(4).

Under this five-step test, a claimant will be found presumptively disabled if he or she "makes the necessary showing at steps 1-3." Windus, 345 F. Supp. 2d at 930. If the claimant cannot show that he or she is presumptively disabled, "the ALJ must consider whether the claimant possesses the residual functional capacity ("RFC") to perform her past work." Id. If the claimant does not have the necessary RFC to return to his or her prior position, "the burden shifts to the Commissioner to demonstrate that the claimant can successfully perform a significant number of other jobs that exist in the national economy." Id. The Commissioner can satisfy this burden by either presenting the testimony of a vocational expert, or "through the use of the 'Medical-Vocational Guidelines' . . . a chart that classifies a person as disabled or not disabled based on her exertional ability, age, education, and work experience." Id. at 930-31 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2).

This court reviews the ALJ's decision deferentially. Overman v. Astrue, No. 07-2968, slip op. at 10 (7th Cir. Oct. 7, 2008). The court will not disturb the Commissioner's finding as to a claimant's disability as long as that decision "is supported by substantial evidence and is free from legal error." Steele v. Barnhart, 290 F.3d 936, 940 (7th Cir. 2002); see also Jens v. Barnhart, 347 F.3d 209, 212 (7th Cir. 2003). "Evidence is 'substantial' if it is sufficient for a reasonable person to accept as adequate to support the decision." Johansen v. Barnhart, 314 F.3d 283, 287 (7th Cir. 2002). "To determine if substantial evidence exists, the court reviews the record as a whole, but is not allowed to substitute its judgment for the ALJ's by 'reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility.'" Cannon v. Apfel, 213 F.3d 970, 974 (7th Cir. 2000) (quoting Williams v. Apfel, 179 F.3d 1066, 1071-72 (7th Cir. 1999)). This court will therefore not make any determination as to whether

4

McGuire is disabled. Our review is limited to whether the Commissioner's finding of not disabled is supported by substantial evidence. See Lee v. Sullivan, 988 F.2d 789, 792 (7th Cir. 1993).

**B. The Commissioner's Determination that McGuire is Not Disabled is Supported by Substantial Evidence**

*1. The ALJ's Report*

The ALJ first recounted McGuire's symptoms and treatment. See supra I A. The ALJ then noted that a Disability Determination Services ("DDS") medical consultant completed a RFC assessment of McGuire, and determined that although she suffered from a history of hypertension, she retained the capacity for work with medium exertion demands. The ALJ then outlined the results of an internal medicine consultative examination McGuire underwent on October 3, 2005 at the request of the Social Security Administration. That exam, performed by Dr. Mahesh Shah, M.D., revealed that McGuire suffered from hypertension, thrombosis, a history of intercranial hemorrhage, and anemia due to heavy menstrual bleeding. However, Dr. Shah determined that McGuire presented as a well-developed, well-nourished, cooperative patient with good hygiene and no acute distress. Dr. Shah indicated that McGuire was able to walk and move about with little difficulty, and that various physical and neurological exams of McGuire were normal.

The ALJ then explained that upon a return visit to DDS, the medical consultant determined that McGuire was somewhat more limited than her prior RFC assessment indicated. Upon reconsideration, DDS found that McGuire could perform only work with light exertion

5

demands. The DDS medical consultant did not indicate that McGuire could not perform sedentary work.

The ALJ also explained the results of McGuire's April 6, 2006 examination by her treating physician, Dr. Juan Cobo, M.D., and Dr. Cobo's April 24, 2006 report regarding McGuire's ability to work. Dr. Cobo indicated that McGuire's blood pressure was slightly elevated during the exam, and that she had recently been hospitalized for several days as a result of hemorrhages due to heavy menstrual flow. Dr. Cobo also noted that McGuire suffered from hypercoagulable syndrome[3], thrombosis, dysfunctional uterine bleeding resulting in anemia, hypertension, and post intercranial hemorrhage. Dr. Cobo reported that a vena cava filter had been implanted in one of McGuire's legs to control her thrombosis.[4] However, according to Dr. Cobo, McGuire could perform work of moderate exertion. The ALJ interpreted Dr. Cobo's report to indicate that McGuire could perform sedentary work.

At the administrative hearing before the ALJ, McGuire testified, *inter alia*, that she suffered from hypertension, leg pain and swelling, and thrombosis. She also testified that her hypertension was under control with medication, that she needed to elevate her legs for three to four hours per day, that she took iron pills for her anemia, and that the medications she was taking caused her various adverse side effects such as dizziness and the inability to think clearly.

---

[3] A hypercoagulable state or syndrome is the medical term for abnormally increased tendency towards blood clotting.
http://www.medterms.com/script/main/art.asp?articlekey=9240.

[4] A vena cava filter is a device inserted into a major vein to prevent a blood clot from entering the lungs.
http://www.healthatoz.com/healthatoz/Atoz/common/standard/transform.jsp?requestURI=/healthatoz/Atoz/ency/vena_cava_filter.jsp.

The ALJ, in his written decision, did not find that these conditions limited McGuire's RFC. The ALJ also indicated that McGuire did not complain of leg swelling or pain to Dr. Cobo.

The ALJ ultimately found that McGuire had three severe impairments: a resolved intercranial hemorrhage, anemia, and thrombosis. He also found, however, that McGuire's complaints of leg pain and swelling were not consistent with the medical findings and other record evidence in this case. Considering all the evidence before him, the ALJ reasoned that despite McGuire's impairments, she could perform sedentary work, including her past work as a receptionist. The ALJ ultimately determined that McGuire was therefore not disabled under the provisions of the SSA.

### *2. Substantial Evidence in the Record Supports the ALJ's Decision that McGuire is Not Disabled*

Although the evidence in the record clearly establishes that McGuire suffers from several significant health conditions, including hypertension, thrombosis, and anemia, the medical professionals consulted in this case did not indicate that these conditions, either on their own or in combination, would prevent McGuire from performing light or sedentary work. Dr. Shah indicated that McGuire was well-developed, in no acute distress, and that physical and neurological examinations of McGuire were normal. A DDS medical consultant found that despite McGuire's impairments, she could perform light work. Dr. Cobo wrote that McGuire "is feeling well. No complaints – [McGuire] has no problems." ALJ Report, at 3. Taking the medical evidence into account, along with McGuire's testimony regarding thrombosis, anemia, and leg pain and swelling, the ALJ determined that McGuire could return to her former sedentary

employment as a receptionist. The ALJ therefore found McGuire not disabled. See Windus, 345 F. Supp. 2d at 930; 20 C.F.R. § 416.920(a)(4).

The court's review of the ALJ's determination is deferential. Overman, No. 07-2968, slip op. at 10. The court cannot reverse the ALJ's decision that McGuire is not disabled as long as that decision "is supported by substantial evidence and is free from legal error." Steele, 290 F.3d at 940. In this case, the ALJ properly relied on the findings of the medical professionals McGuire consulted, and determined that McGuire could perform light to sedentary work. See Young v. Barnhart, 362 F.3d 995, 1001 (7th Cir. 2004) (ALJs adjudicating disability cases are required to weigh evidence from medical experts). The court therefore determines that substantial evidence supports the ALJ's decision in this case. See Steele, 290 F.3d at 940. The ALJ has properly "connected the dots" between McGuire's conditions and the record evidence. See Young, 362 F.3d at 1001. The court therefore will not disturb the ALJ's finding that McGuire is not disabled.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: October 17, 2008